**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHRISTOPHER M. LEACH,

                Plaintiff,

        v.

LELAND DUDEK, Acting
Commissioner of the Social Security
Administration,[1]

                Defendant.

No. 22-cv-03438

Judge John F. Kness

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Leach challenges the final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for disability benefits. According to Plaintiff, the decision to deny him benefits was not supported by substantial evidence. For the reasons that follow, however, the Court finds that there is adequate support in the record for the Commissioner's decision. Accordingly, Plaintiff's request for reversal or remand is denied, the Commissioner's motion for summary judgment is granted, and the decision to deny an award of benefits is affirmed.

---

[1] Acting Commissioner Dudek is automatically substituted as Defendant by operation of Rule 25(d) of the Federal Rules of Civil Procedure.

## I.  BACKGROUND

Plaintiff Christopher Leach suffers from an array of medical conditions, which he asserts have prevented him from working since June 28, 2011. (Dkt. 10 at 2.) Plaintiff argues that his back pain severely limits his movements and necessitates the use of a cane, that his tremors impair his fine motor skills, that his depression and anxiety make it difficult for him to interact with others or remember things, and that his severe obesity compounds these limitations. (Dkt. 10 at 2–3.) Plaintiff seeks Social Security disability benefits for the period from June 28, 2011 to September 30, 2017. (Dkt. 12 at 1; Dkt. 7-2 at 2.)

Plaintiff's appeal arises from his third hearing before an administrative law judge (ALJ) on this application for disability insurance benefits. Plaintiff's first application was denied by the ALJ, but that decision was reversed and remanded by this Court for further proceedings. (Dkt. 10 at 1.) A second ALJ determination was overturned by the Social Security Administration Appeals Council, which determined that the ALJ had failed to properly consider the medical opinions of certain doctors, the relevance of Leach's use of a cane, the effects of Plaintiff's mental impairments, and the testimony of Plaintiff's fiancé. (Dkt. 10 at 1; Dkt. 7-2 at 1067.)

The third ALJ determination, again unfavorable to Plaintiff, is the subject of this action. On the third round, the ALJ found that Plaintiff had the residual functional capacity (RFC) "to perform light work" and was able to "understand, remember and carry out simple instructions, make simple work-related decisions, and occasionally interact with supervisors, co-workers, and the public." (Dkt. 7-2 at

2

1075). This RFC determination was based on the ALJ's conclusion that the "intensity, persistence and limiting effects of [Plaintiff's reported] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Dkt. 7-2 at 1076). In reaching that conclusion, the ALJ rejected Plaintiff's claim that a cane was medically necessary. (Dkt. 7-2 at 1080.) The ALJ also assigned partial or no weight to each of Plaintiff's doctors' opinions about Plaintiff's physical and mental limitations, largely reasoning that the opinions were "too extreme and not consistent with the objective medical records" from the benefits period. (Dkt. 7-2 at 1086; *see also, generally, id.* at 1082–87.) For similar reasons, the ALJ only assigned limited weight to Plaintiff's fiancé's testimony. (Dkt. 7-2 at 1087.)

Based on this assessment of RFC, the ALJ found that Plaintiff could perform other available work; was not disabled; and was, therefore, not eligible for benefits. (Dkt. 7-2 at 1089–90.) The ALJ further concluded that, even if Plaintiff's RFC included the use of a cane, Plaintiff could still perform other available work and would still not qualify for disability benefits. (Dkt. 7-2 at 1089-90.)

The Appeals Council denied review of the ALJ's decision. Plaintiff then filed this appeal of the Commissioner's decision. (Dkt. 10 at 1.)

## II.   STANDARD OF REVIEW

A claimant can petition a federal court for judicial review of a final decision by the Commissioner under 42 U.S.C. § 405(g). A federal court will uphold the decision so long as it is supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A reviewing court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 900; *see also Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). And as the Seventh Circuit has explained, social-security adjudicators "are subject to only the most minimal of articulation requirements. An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

Put another way, an ALJ must "build an accurate and logical bridge from the evidence to [the] conclusion." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (cleaned up). This is so a reviewing court "may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Id.*

## III. DISCUSSION

Plaintiff argues that the ALJ committed reversible error by: (1) failing to support her consideration of treating source opinions with sufficient evidence; (2) failing to assess and account for Plaintiff's mental impairments and non-exertional limitations; and (3) failing to account for Plaintiff's need for use of a cane.

### A. Opinion Evidence

Plaintiff argues that the ALJ did not provide adequate justifications for assigning partial or no weight to the opinions of Plaintiff's treating sources, Drs.

4

Christoff, Conte-Russian, Navakas, and Lowden, and Mr. Nolan. (Dkt. 10 at 9.) But because the ALJ adequately identified and explained how the opinions of Plaintiff's treating sources were inconsistent with other evidence, the ALJ was entitled to assign those opinions less than controlling weight.

Under 20 C.F.R. § 404.1527(c)[2], an ALJ must consider several factors when determining how much weight to assign opinions from sources that qualify as acceptable medical sources under Section 404.1502. Opinions from sources that do not qualify as acceptable medical sources are governed by Section 404.1527(f). Section 404.1527(c) further differentiates between acceptable medical sources that are treating and nontreating sources. Section 404.1527(c)(2) establishes that opinions of treating sources that are acceptable medical sources will be given controlling weight if, but only if, that opinion is both "well supported by medical . . . techniques" and "not inconsistent with the other substantial evidence in [the] case record."

If the opinion of an acceptable medical source is not entitled to controlling weight, Section 404.1527(c) lists the factors that the ALJ must consider when determining how much weight to assign that opinion. These factors include the length and nature of any treatment relationship, the source's medical specialty, any evidence the source presents in support of their opinion, and the opinion's consistency with other evidence. *Id.*

---

[2] Plaintiff's application is governed by 20 C.F.R. § 404.1527 because his claim was filed before March 27, 2017.

### 1. Dr. Eric Christoff

Plaintiff first objects that the ALJ erred by assigning no weight to Dr. Christoff's opinion that Plaintiff needed to use a cane. (Dkt. 10 at 9–10.) But because the ALJ adequately explained that Dr. Christoff's opinion about the cane was inconsistent with other evidence in the record, the ALJ was entitled to discount Dr. Christoff's opinion. *See* 22 U.S.C. § 404.1527(c). First, the ALJ pointed to the 2013 opinions of the examining consultants that Plaintiff only used a cane for "confidence" and "was able to walk greater than fifty feet without support." (Dkt. 7-2 at 1080.) The ALJ then noted that Dr. Christoff's opinion was inconsistent with Plaintiff's physical therapy records that did not reflect the use of a cane. (*Id.*) Finally, the ALJ pointed out that other notes by Dr. Christoff did not reflect the use of a cane and often explained that Plaintiff "had a normal gait". (Dkt. 7-2 at 1083.) All of these factors, especially when taken together, were sufficient to allow the ALJ to assign no weight to Dr. Christoff's opinion that Plaintiff required use of a cane.

Plaintiff also argues that the ALJ erred in assigning only partial weight to Dr. Christoff's other opinions about Plaintiff's limitations. (Dkt. 10 at 10.) But again, the ALJ adequately identified inconsistencies with other evidence in the record that entitled the ALJ to assign less than controlling weight to Dr. Christoff's opinions and incorporate only some of those opinions in the RFC. The ALJ first noted that Dr. Christoff's opinion that Plaintiff should be on light duty was internally inconsistent with Dr. Christoff's opinion that Plaintiff should do no lifting. (Dkt. 7-2 at 1084.) Plaintiff objects that the ALJ did not explain how these recommendations were

internally inconsistent. (Dkt. 10 at 10.) But as the Commissioner points out, the first clause of the definition of light work in 20 C.F.R. § 404.1567 establishes that "light work involves lifting no more than 20 pounds." Lifting up to 20 pounds is, of course, inconsistent with an instruction to "do no lifting."

Further, the ALJ explained that the limitations Dr. Christoff noted were inconsistent with Dr. Christoff's own "unremarkable examinations." (*Id.*) The ALJ walked through Dr. Christoff's notes from 2012 to 2015, showing that Dr. Christoff had consistently noted that Plaintiff appeared comfortable and recommended that Plaintiff engage in exercise. (*Id.*) The inconsistencies identified by the ALJ were sufficient to assign less than controlling weight to Dr. Christoff's other opinions, particularly because the ALJ accepted other opinions of Dr. Christoff's relating to Plaintiff's "limited ambulation and use of his extremities." (*Id.*)

### 2. *Dr. Marc Conte-Russian*

Plaintiff similarly objects that the ALJ erred in assigning no weight to Dr. Conte-Russian's opinion. (Dkt. 10 at 11.) Dr. Conte-Russian opined that Plaintiff "can sit for less than one hour in an eight-hour day [and] can stand and/or walk for less than one hour in an eight-hour day." (Dkt. 7-2 at 1086.) But as the ALJ notes, these "extreme" limitations were not consistent with the medical consultative examiners' observations that Plaintiff could comfortably sit, stand, and walk. (Dkt. 7-2 at 1086.) Plaintiff suggests that the ALJ had "assumed that because the opinion was written after [the date last insured] it was not applicable to the relevant period." (Dkt. 10 at 11.) But that misstates the ALJ's analysis. The ALJ did not reject Dr. Conte-Russian's

opinion primarily because it was given after the date last insured. The ALJ simply noted that in determining how to weigh the competing evidence, it was relevant that Dr. Conte-Russian's opinion was not contemporaneous with the period at issue. (Dkt. 7-2 at 1086.) The ALJ did not err in giving little weight to Dr. Conte-Russian's opinion.

### 3.    Dr. Edward Navakas

Plaintiff next argues that the ALJ erred in several ways by assigning no weight to the opinion of Plaintiff's treating psychiatrist, Dr. Navakas. Plaintiff first argues that the ALJ erred by not analyzing Dr. Navakas's opinion under the treating source rule. (Dkt. 10 at 11.) Plaintiff points to the ALJ's description of Dr. Navakas as an "examining psychiatrist" as opposed to a treating psychiatrist. (*Id*. at 12 (quoting Dkt 7-2 at 1085).) But as the Commissioner points out, when Dr. Navakas "drafted his opinion, Dr. Navakas had admittedly only seen plaintiff on just one occasion." (Dkt. 12 at 9 (citing Dkt. 7 at 891, 893).) Because Dr. Navakas did not have an ongoing treatment relationship with Plaintiff that would provide a perspective on Plaintiff's conditions over time, Dr. Navakas is not a treating source. *See* 20 C.F.R. § 404.1527(a)(2). Accordingly, the ALJ did not err by assigning no weight to Dr. Navakas's opinion.

Plaintiff next objects that the ALJ erred by relying too heavily on the consultative examiners' findings that Plaintiff had relatively normal mental functioning in rejecting the opinions of Dr. Navakas. (Dkt. 10 at 11.) Plaintiff cites to *Gerstner v. Berryhill*, 879 F. 3d 257, 261-62 (7th Cir. 2018) for the proposition that

"the Seventh Circuit has warned that reliance on relatively normal brief mental status examinations is misguided, as such notations only describe how an individual presented at a particular appointment." (Dkt. 10 at 12 (citing *Gerstner*, 879 F. 3d at 261–62).) But *Gerstner* does not establish that an ALJ cannot reject a source's opinion based on contradictory evidence from short mental examinations. Rather, *Gerstner* held that an ALJ cannot "fixate[ ] on select portions of [the doctor's] treatment notes" and "focus[ ] on notes about mood and affect but ignore[ ] [the doctor's] diagnoses of depression and anxiety disorder." *Id.* Unlike in *Gerstner*, Plaintiff has failed to identify what part of Dr. Navakas's findings and observations the ALJ "ignored" in rejecting Dr. Navakas's opinion. Accordingly, the Plaintiff has failed to demonstrate that the ALJ erred by assigning no weight to Dr. Navakas's opinions.

Finally, the Plaintiff argues that the ALJ improperly failed to consider that Dr. Navakas's opinion was consistent with the opinion of Plaintiff's therapist, Terry Nolan. For the reasons below, that is not error.

### 4. Terry Nolan

Plaintiff objects that the ALJ assigned no weight to the opinion of Mr. Terry Nolan, who had been Plaintiff's therapist. Because Mr. Nolan's opinion is not a treating source opinion, however, the ALJ's analysis was sufficient. Section 404.1527(a)(2) defines a treating source as an "acceptable medical source." Section 404.1502, in turn, defines "acceptable medical source" as a list of professionals with certain qualifications, including "a licensed psychologist at the independent practice level." But Mr. Nolan did not meet this definition, and therefore cannot be a treating

9

source. (See also, *Jessica K. v. Saul*, No. 19-CV-4380, 2020 WL 4015330, at \*11-12 (N.D. Ill. July 16, 2020) (therapists are not acceptable medical sources).)

Because Mr. Nolan is a "treating source," the ALJ was only required to evaluate his opinion under the less deferential standard of Section 404.1527(f). The ALJ's detailed account of the contrary evidence in the treatment notes of the consultative examiners and Mr. Nolan's own treatment notes (*see* Dkt. 7-2 at 1085) is more than sufficient to meet the low bar required to justify the ALJ's decision to assign no weight to a non-treating source's opinion.

### 5. *Dr. Christopher Lowden*

Finally, Plaintiff objects that the ALJ erred in assigning no weight to the opinion of psychiatrist Dr. Lowden. (Dkt. 10 at 12.) But once again, Plaintiff has failed to convincingly show why the inconsistencies identified by the ALJ were an insufficient basis to reject Dr. Lowden's opinions. Plaintiff again faults the ALJ for relying on the observations of "less than probative mini-mental status examinations" but fails to identify what evidence or portions of Dr. Lowden's opinion the ALJ ignored. (Dkt. 10 at 12.) Plaintiff further suggests that the ALJ "never mentioned Dr. Lowden's specialization, much less the length or frequency of treatment." (*Id.*) That is incorrect. The ALJ specifically identified that Dr. Lowden is a psychiatrist (Dkt. 7-2 at 1081) and explicitly discussed the extent of Dr. Lowden's treatment relationship with Plaintiff. (*Id.* at 1086–87.) Accordingly, the Plaintiff has not shown that the ALJ erred in assigning no weight to Dr. Lowden's opinion.

### B.    Constructing the RFC

Plaintiff next argues that the ALJ did not properly incorporate Plaintiff's limitations in the RFC. (Dkt. 10 at 12.) Despite Plaintiff's assertions, however, the ALJ provided sufficient justifications for her decisions, and the ALJ constructed an RFC that adequately addressed each of the limitations that the ALJ found the record supported.

Plaintiff first suggests that the ALJ did not conduct a sufficiently "detailed assessment of the paragraph B functional areas for purposes of determining RFC [sic]." [3] (Dkt. 10 at 13.) But a review of the ALJ's opinion shows that the ALJ did conduct and articulate a sufficiently detailed review of the evidence of potential limitations in Plaintiff's mental functioning. (Dkt. 7-2 at 1071–74.) The ALJ properly discounted Plaintiff's testimony about his inability to interact with others because it was inconsistent with Plaintiff's own testimony and that of numerous examiners. (*Id.* at 1073.) The same is true of the ALJ's consideration of Plaintiff's ability to concentrate, persist, and maintain pace. (*Id.*) Plaintiff continues to maintain that this line of analysis was defective because the ALJ credited the observations of consultative examiners over the opinions of treating sources. (Dkt. 10 at 13.) But for the reasons discussed above, the ALJ adequately justified the decision to strike this balance between the competing evidence.

---

[3] The Paragraph B Criteria are a claimant's ability for "understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself." 20 C.F.R. Part 404, Subpart P, Appx. 1.

Plaintiff next objects that the ALJ's RFC did not adequately reflect Plaintiff's mental limitations. Plaintiff cites to *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019), which, Plaintiff argues, establishes that an RFC limiting a claimant to "simple, repetitive tasks" is not sufficient to account for " 'moderate' limitation in maintaining concentration, persistence or pace." (*Id.* at 14.) But the Commissioner convincingly points to Seventh Circuit cases that emphasize the need for individualized approaches to RFC formulation. (Dkt. 12 at 13 (citing, among others, *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020).) Although the ALJ found that Plaintiff had some limitations on his ability to concentrate, persist, and maintain pace, the ALJ found that Plaintiff could carry out simple tasks. (Dkt. 7-2 at 1073, 1075.) The RFC is therefore properly tailored to Plaintiff's specific circumstances.

Finally, Plaintiff suggests that the ALJ's RFC assessment was inadequate because it failed to account for the "interplay between Plaintiff's chronic pain and his ability to function mentally." (Dkt. 10 at 14.) But Plaintiff fails to explain why any pain-related limitations in Plaintiff's mental functioning were not adequately incorporated by the ALJ's thorough analysis of the observations and opinions of the consultative examiners and Plaintiff's doctors. Those observations about Plaintiff's limitations would have accounted for any mental functioning limitations stemming from Plaintiff's pain. Accordingly, Plaintiff fails to show that the ALJ erred by failing independently to address how Plaintiff's pain interacted with his mental health.

## C.      Subjective Evidence

Finally, Plaintiff argues that the ALJ incorrectly discounted Plaintiff's testimony as to his physical limitations. (Dkt. 10 at 15–16.) Plaintiff suggests that the ALJ impermissibly relied on the fact that Plaintiff had only pursued "conservative treatment" and had "some inconsistencies with follow-up" without identifying "what kind of treatment would be appropriate" or considering "the reasons [Plaintiff] has undergone only conservative treatment." (Dkt. 10 at 16.) But the ALJ explained that "the record reflects that [Plaintiff] was somewhat inconsistent with follow-up and at times not interested in pursuing additional recommended interventions such as pain management or physical therapy." (Dkt. 1079.) Although the ALJ acknowledged Plaintiff's "difficulties finding providers who accept his insurance," the ALJ also emphasized Plaintiff's lack of effort to "avail himself of other low- or no-cost medical options." (Dkt. 7-2 at 1079.) Accordingly, the ALJ was entitled to conclude that Plaintiff could have pursued additional pain management and physical therapy.

Plaintiff also suggests several other problems with the ALJ's analysis but does not provide any corresponding explanation or argument. Plaintiff says the ALJ erred in considering the statements of Plaintiff's fiancé about Plaintiff's use of a cane but does not explain what the ALJ's error was. (Dkt. 10 at 15.) And Plaintiff suggests the ALJ impermissibly cherrypicked evidence but does not explain what evidence the ALJ failed to consider. (Dkt. 10 at 15.) These undeveloped arguments are best considered forfeited; in any event, they are insufficient to establish that the ALJ erred in her findings.

## IV.    CONCLUSION

For the reasons stated above, the Commissioner's motion seeking summary judgment is granted.

SO ORDERED in No. 22-cv-03438.

Date: March 24, 2025

_____
JOHN F. KNESS
United States District Judge